**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5165

LEON ANAPOLE HICKMAN, a/k/a Alpo,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, District Judge.
(CR-94-118-R)

Submitted: April 9, 1996

Decided: April 22, 1996

Before HALL, ERVIN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Anthony F. Anderson, Melissa W. Friedman, Roanoke, Virginia, for
Appellant. Robert P. Crouch, Jr., United States Attorney, Joseph
W. H. Mott, Assistant United States Attorney, Roanoke, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Leon A. Hickman was convicted of contempt in Juvenile and Domestic Relations Court for the City of Roanoke, Virginia, for failure to pay child support. He filed a notice of appeal to the Roanoke City Circuit Court, and that court set a $10,000 cash bond. Because Hickman did not post his appeal bond, however, he served his sentence for contempt and his appeal was never perfected. Unbeknownst to Hickman, his case was mistakenly placed upon the circuit court's appeal docket. When he failed to appear, the court issued a capias for his arrest at the request of the Commonwealth's Attorney.[1]

After four unsuccessful attempts to serve the capias, Roanoke police received information regarding Hickman's whereabouts and arrested him after a brief chase. The arresting officers were members of the vice bureau; they executed the warrant because they believed Hickman was a drug dealer and they expected to catch him in possession of drugs. A search incident to Hickman's arrest revealed he possessed crack cocaine.

Following a hearing in the federal district court, Hickman's motion to suppress the evidence seized from him following his arrest was denied. Hickman entered a guilty plea for distribution of cocaine base, 21 U.S.C. § 841(a)(1) (1988); 21 U.S.C.A.§ 841(b)(1)(B) (West Supp. 1995); he reserved for appellate review the denial of his motion to suppress. Hickman alleges that the good faith exception to the exclusionary rule should not apply because the court issuing the arrest warrant had no jurisdiction and because the officers executing the warrant did not act in good faith such that his arrest was a mere pretext for the officers to search him for illegal drugs.

This Court reviews the district court's legal conclusions de novo, but reviews the factual determinations made by the district court on suppression issues under a clearly erroneous standard. United States

_____

[1] In Virginia a capias is the functional equivalent of an arrest warrant. See Va. Code Ann. § 19.2-80 (Michie 1995).

v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 506 U.S. 926 (1992).

To deter illegal police conduct, evidence seized in violation of Fourth Amendment generally is not admissible at trial. Elkins v. United States, 364 U.S. 206, 223 (1960). The threshold question is whether the evidence is the product of illegal government conduct. New York v. Harris, 495 U.S. 14, 19 (1990). Officers' mistaken determinations may be excused if reasonable and made in good faith. Illinois v. Rodriguez, 497 U.S. 177, 184 (1990). The subjective motivation of officers is irrelevant. United States v. George, 971 F.2d 1113, 1123 (4th Cir. 1992). Even if a warrant issued by judge or magistrate is later found to be invalid, the exclusionary rule is inapplicable if officers conducting the search acted in objectively reasonable reliance on the validity of warrant. Massachusetts v. Sheppard, 468 U.S. 981 (1984); United States v. Leon, 468 U.S. 897, 916 (1984).

The Virginia circuit court which issued Hickman's arrest warrant did not have proper jurisdiction to do so because Hickman's appeal was not perfected; the capias was rescinded after Hickman's arrest. Nonetheless, because the vice officers acted upon a facially valid warrant and had no reason to question its validity, the district court properly applied the good faith exception to the exclusionary rule, as the capias was issued due to the judge's error alone. See Arizona v. Evans, ___ U.S. ___, 63 U.S.L.W. 4179 (U.S. Mar. 1, 1995) (No. 93-1660) (good faith exception applied when court employee's clerical error caused invalid warrant to appear in database relied upon by arresting officers); Leon, 468 U.S. at 916 (purpose of exclusionary rule is to deter police misconduct rather than punish judicial error); Shepard, 468 U.S. at 990 (where judge, not a police officer, makes a mistake that leads to a Fourth Amendment violation, the exclusionary rule should not be applied).

That the vice squad executed the warrant anticipating that Hickman might possess illegal drugs is irrelevant, as the subjective motivations of the officers is not considered in a good faith inquiry. Leon, 486 U.S. at 922 n.23 (a court's inquiry into an officer's conduct is confined to "the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization"; courts should "eschew inqui-

3

ries into the subjective beliefs of law enforcement officers who seize evidence pursuant to a subsequently invalidated warrant"). See also Maryland v. Macon, 472 U.S. 463, 470 (1985) (whether an officer's actions were reasonable does not include his subjective state of mind). Also, we find that the district court did not err in its factual determination that the warrant was not held for the purpose of executing it at a time when police specifically thought Hickman would possess drugs. The police unsuccessfully tried to execute the warrant on four separate occasions, and police immediately executed the warrant on Hickman after learning of his whereabouts.

Finally Hickman's allegation that the police arrested him as a pretext to investigate his suspected drug activity fails. This Court has considered claims of "pretextual stops" under an objective standard, which determines an arrest is reasonable if (1) the arresting officer had probable cause to believe defendant had committed or was committing an offense; and (2) the arresting officer was authorized by law to effect a custodial arrest for the particular offense. United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3640 (U.S. Mar. 28, 1994) (No. 93-7067). The officers involved acted upon a facially valid warrant, and were within their authority in so doing.

Therefore, we affirm the district court's order denying Hickman's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4